IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 18-34194-H1-13 |
| **Novallie Mire Hill** | § | |
| | § | |
| Debtor(s) | § | CHAPTER 13 |
| | § | |
| **US Bank Trust National Association** | § | |
| Creditor | § | |

# DEBTORS' EMERGENCY MOTION FOR STAY

# OF NOTICE OF MORTGAGE PAYMENT CHANGE

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

DEBTORS SEEK EMERGENCY CONSIDERATION BY May 2, 2020.

TO THE HONORABLE JUDGE OF SAID COURT:

Debtor Novallie Mire Hill, and pursuant to BR 3002.1 and the Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments, and request the Court to Grant this

Debtors' Emergency Motion for Stay of Notice of Mortgage Payment Change and would respectfully show as follows:

1. Debtor filed the above-referenced case on 8/1/2018.

2. US Bank Trust National Association (hereinafter "US Bank"), filed a Notice of Mortgage Payment Change (hereinafter "Notice") on or about April 30, 2020 (Docket No. 100), requesting the change in the ongoing payment to go into effect on May 1, 2020. Federal Bankruptcy Rule 3002.1(b) requires a twenty-one (21) day notice for the mortgage adjustment to be effective.

3. Debtor have filed their response, objecting to the increase on April 30, 2020. A Hearing is set for June 9, 2020.

4. The Court should stay the Notice of Mortgage Payment Change pending the resolution of the Objection, for the following reasons: (a) Notice of Mortgage Payment Change at Docket Number 100 does not clearly state the reason for the $115.57 per month increase.

5. Therefore, the Notice of Mortgage Payment Change at Docket Number 95 is defective and should be stayed, pending the resolution of the Objection filed by the Debtors.

6. Debtor seeks emergency consideration to avoid any undue financial hardship. Should the Debtor be found correct on this matter, Debtor will have incorrectly paid the Trustee a significant portion of their disposable income that would have otherwise been available to meet their monthly living expenses.

Wherefore, Premises Considered, Debtor would respectfully request the Court to enter an Order staying the Notice of Mortgage Payment Change at Docket Number 100 from going into effect

until the resolution of the Objection, and for such other relief which the Court deems just and proper.

        Respectfully submitted,

        THE KEELING LAW FIRM
        /s/ Kenneth A. Keeling
        Kenneth A. Keeling; TBN 11160500
        Yolanda Gutierrez; TBN 24041028
        Cristina Rodriguez; TBN 24049980
        Rebecca Keeling; TBN 24083295
        3310 Katy Freeway, Suite 200
        Houston, Texas 77007
        Tel: (713) 686-2222; Fax (713) 579-3058

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** § | **CASE NO. 18-34194-H1-13** |
| **Novallie Mire Hill** § | |
| § | |
| § | |
| **Debtor(s)** § | **CHAPTER 13** |

**ORDER STAYING MORTGAGE PAYMENT CHANGE AT DOCKET NO. 100**

Came for consideration, Debtors' Emergency Motion for Stay of Notice of Mortgage Payment Change, and the Court, having considered the Motion, finds that this Motion should be granted; and it is therefore;

ORDERED that the Notice of Mortgage Payment Change filed by US Bank Trust National Association1,311.63March 9, 2020, as docket number 95 is STAYED and WILL NOT BE EFFECTIVE, until the Objection of the Debtors to the Notice of Mortgage Payment Change has been resolved.

Signed _____, 2020.

_____
HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing has been served either electronically or by United States First Class Mail on this April 30, 2020 to the following parties and the affected creditors listed below:

UNITED STATES TRUSTEE
United States Trustee
515 Rusk, Ste. 3516
Houston, TX   77002


CHAPTER 13 TRUSTEE
David G. Peake
9660 Hillcroft
Suite 430
Houston, TX 77096

DEBTOR(S)
Novallie Mire Hill
3107 Trinity Joe Lane
Humble, TX 77396


CREDITOR(S)
US Bank Trust National Association
C/O SN Servicing Corp.
323 5th Street
Eureka, CA 95501


RICHARD E. ANDERSON
State Bar No. 01209010
4920 Westport Drive
The Colony, Texas 75056

                                        Respectfully submitted,
                                        **KEELING LAW FIRM**

                                        /s/ Kenneth A. Keeling

                                        **ATTORNEY FOR DEBTOR(S**